# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Magistrate Judge Michael J. Watanabe

Civil Action No. 05-cv-02407-MJW-PAC (consolidated with 05-cv-02409-MJW-PAC)

NORTHWEST TERRITORY LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

OMNI PROPERTIES, INC., a Colorado corporation, et al.,

    Defendants.

---

Civil Action No. 05-cv-02409-MJW-PAC (consolidated with 05-cv-02407-MJW-PAC)

HEATHER APARTMENTS LIMITED PARTNERSHIP, a Minnesota limited partnership,

    Plaintiff,

v.

OMNI PROPERTIES, INC., a Colorado corporation, et al.,

    Defendants.

---

# ORDER ON
# DEFENDANTS' MOTION TO COMPEL DISCOVERY (Docket No. 64)

    This matter is before the Court on Defendants' Motion to Compel Discovery filed on November 8, 2006. On November 28, 2006, Plaintiffs' Brief in Opposition to Motion to Compel was filed. The Court has carefully considered the motion to compel, the response, the applicable case law and the Federal Rules of Civil Procedure. The Court now being fully informed enters the following order denying the motion to compel.

Plaintiffs claim in this action that Defendants failed to properly manage two apartment complexes owned by Plaintiffs. This action was commenced in the United States District Court for the District of Minnesota on October 18, 2004. On November 22, 2005, the District of Minnesota entered an order transferring the action to this Court. At that time, discovery already had commenced. On March 6, 2006, Magistrate Judge Patricia A. Coan entered a Scheduling Order setting a discovery deadline of August 31, 2006.

In their motion, Defendants ask the Court to compel discovery and/or limit certain claims. Defendants specifically allege that Plaintiffs have failed or refused to respond to valid discovery requests. Plaintiffs argue both that the motion to compel should be denied as untimely because the motion was not filed prior to the discovery deadline and that the motion to compel should be denied on the merits.

The Federal Rules of Civil Procedure do not provide any deadline for filing a motion to compel. However, courts generally look to the discovery deadline date in considering whether a motion to compel is timely. See Days Inn Worldwide, Inc., v. Sonia Investments, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases). Other factors that courts have considered in determining whether a motion to compel is timely include: (1) the length of time since the discovery deadline expired; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay in filing the motion to compel; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom the discovery is being sought;

and (8) any disruption of the court's schedule.  See id. at 398.

The instant action was filed more than two years ago and Defendants served their first set of interrogatories and request for production of documents, the primary discovery in dispute, in April 2005.  Defendants served a second set of interrogatories and request for production of documents seeking additional information in July 2006.  As noted above, the discovery deadline in this action expired on August 31, 2006, and the instant motion to compel was not filed until November 8, 2006.  Two motions for partial summary judgment are fully briefed and the case is set for trial.  Finally, Defendants do not provide any convincing explanation for their delay in filing the motion to compel.  Therefore, the Court finds that the motion to compel is untimely and the motion will be denied for that reason.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Compel Discovery (docket no. 64) is denied.


Dated: December 11, 2006                          S/ Michael J. Watanbe
       Denver, Colorado                           Michael J. Watanabe
                                                  United States Magistrate Judge