IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02407-MJW-PAC
                  05-cv-02409-MJW-PAC

NORTHWEST TERRITORY LIMITED PARTNERSHIP,

Plaintiff,

v.

OMNI PROPERTIES, INC, et al.

Defendants.

_____

**ORDER CONCERNING DEFENDANTS' MOTION *IN LIMINE* REGARDING
TESTIMONY OF RHONDA HANSCH (DOCKET NO. 82)**
_____

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

        This matter is before the court on Defendants' Motion In Limine Regarding

Testimony of Rhonda Hansch (docket no. 82).  The court has reviewed the motion,

Defendants' legal brief in support (docket no. 83), and Plaintiffs' response (docket no.

94).  In addition, the court has taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure, Federal Rules of Evidence,

and case law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and order.

        The Defendants request that this court issue an Order *in Limine* that, in essence,

strikes Rhonda Hansch as a lay or expert witness.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

2

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties
      to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to
      be heard;

4.    That this is a consolidated lawsuit that involves claims of
      professional mismanagement brought by the owners of two large
      apartment complexes located in Oklahoma City, Oklahoma, against
      those responsible for managing such properties.  In particular,
      Plaintiffs claim that Defendant Omni Properties, Inc., has
      mismanaged the Oklahoma properties for the two (2) years that it
      served as professional real estate manager, from April 2000 to July
      2002.  Plaintiffs are claiming that they sustained losses of
      approximately 3 million dollars;

5.    That Plaintiffs have designated Rhonda Hansch as both a non-
      expert and expert witness in this case.  <u>See</u> Final Pretrial Order
      (docket no. 68, at page 7);

6.    That Rhonda Hansch admitted in her deposition or in Plaintiffs'
      response (docket no. 94) the following:

      a.    That she did not work for the Defendants until April

3

2002 and therefore has no personal knowledge as to the subject Oklahoma properties and how they were managed from April 2000 until April 2002 when she was hired by Defendants.  <u>See</u> response (docket no. 94) at page 4 first sentence at the top "As set forth above, Rhonda Hansch was Omni's Vice President for Property Management from April 2002 to July 2003.";

b.      That she has no knowledge as to whether Defendants followed their own policies and procedures in managing the Oklahoma properties. <u>See</u> Hansch's deposition at page 32 lines 14-17, inclusive;

c.      That she has no personal knowledge of whether Defendants adequately marketed the Oklahoma properties.  <u>See</u> Hansch's deposition at page 42 lines 15-20, inclusive;

d.      That she has no knowledge as to whether Defendants failed to adequately turn over apartments and make them "rent ready" at the Oklahoma properties.  <u>See</u> Hansch's deposition at page 44 lines 2-5, inclusive;

4

e.    That she has no knowledge as to whether

Defendants failed to serve notices of default for

tenants at the Oklahoma properties who failed to pay

their rent as scheduled.  See Hansch's deposition at

page 44 line 25 and page 45 line 6;

f.    That she has no knowledge as to whether

Defendants failed to manage or control expenses for

the Oklahoma properties;  See Hansch's deposition

at page 45 lines 7-10, inclusive;

g.    That she is not aware of any instance in which

Defendants failed to keep suitable business records

for the Oklahoma properties; and, See Hansch's

deposition at page 51 lines 21-24, inclusive;

h.    That she stated that she has little, if any, involvement

in Defendants' management of the Oklahoma

properties.  See Hansch's deposition at page 32 lines

14-17, inclusive;

7.    That the proffered testimony of Rhonda Hansch by Plaintiffs as

outlined in Plaintiffs' response (docket no. 94) is (1) irrelevant

under Federal Rule of Evidence 401 as to the issues raised in the

pleadings; (2) without personal knowledge under Federal Rule of

Evidence 602; and (3) not a proper lay opinion under Federal Rule

of Evidence 701 and is therefore inadmissible, unreliable, and untrustworthy.  Even if this court were to find that such proffered testimony of Rhonda Hansch is probative, which I am not, the probative value of such testimony (i.e., evidence) is outweighed by substantial prejudice, waste of time, and confusion of issues pursuant to Federal Rule of Evidence 403.  Moreover, the proffered testimony of Rhonda Hansch would not be helpful to the trier of fact (jury) since it is not relevant to the issues raised in the pleadings and if offered by Plaintiffs per Federal Rule of Evidence 702, such proffered testimony would be inadmissible under Federal Rule of Evidence 702 and Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 889 (10th Cir. 2006).  "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." McKenzie v. Benton, 388 F.3d 1342, 1351-52 (10th Cir. 2004), cert. denied, 544 U.S. 1048 (2005).

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.   That Defendants' Motion In Limine Regarding Testimony of Rhonda Hansch (docket no. 82) is **GRANTED**;

2.   That Rhonda Hansch will not be permitted to testify on behalf of the Plaintiffs at trial; and,

3.   That each party shall pay their own attorney fees and costs for this

6

motion.

Done this 23rd day of March 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge